IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

GLEN R. JEFFERY, JR.,

    Plaintiff,

v.

LAURA SUKOWATY, et al.

    Defendants.

ORDER

Case No. 25-cv-174-jdp

---

GLEN R. JEFFERY, JR.,

    Plaintiff,

v.

JOLINDA WATERMAN, et al.

    Defendants.

ORDER

Case No. 25-cv-175-jdp

---

Plaintiff Glen R. Jeffery, Jr. has submitted a certified inmate trust fund account statement in support of a motion for leave to proceed without prepaying the filing fee. The court must now determine whether plaintiff qualifies for indigent status and, if so, calculate an initial partial payment of the filing fee for these cases.

Even when a prisoner litigant qualifies for indigent status, the litigant must pay a portion of the filing fee pursuant to 28 U.S.C. § 1915(b)(1). Using information from plaintiff's trust fund account statement, I have calculated plaintiff's initial partial payments to be $15.17 for each case (total $30.34). For these cases to proceed, plaintiff must submit this amount on or before April 17, 2025.

If plaintiff does not have sufficient funds in a regular inmate account to make the initial partial payments, then plaintiff should arrange with prison officials to make the payments from

a release account. However, prison officials will draw funds first from plaintiff's regular account and any portion of the initial partial payments remaining from plaintiff's release account. *Carter v. Bennett*, 399 F. Supp. 2d 936, 937 (W.D. Wis. 2005).

ORDER

IT IS ORDERED that:

1. Plaintiff Glen R. Jeffery, Jr. is assessed an initial partial payment of $15.17 for each case (total $30.34). Plaintiff must submit a check or money order payable to the clerk of court by April 17, 2025 or advise the court in writing why plaintiff is not able to make the initial partial payment.

2. No further action will be taken in these cases until the clerk's office receives the initial partial payment as directed above and the court has screened the complaint as required by the Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2). Once the screening process is complete, the court will issue a separate order.

2. If plaintiff fails to make the initial partial payments by April 17, 2025, or fails to show cause why the payment could not be made, then I will assume that plaintiff wishes to withdraw this action voluntarily. In that event, the case will be dismissed without prejudice under Federal Rule of Civil Procedure 41(a)(1)(A)(i). If plaintiff submits the initial partial payment within 30 days of dismissal, the case will be reopened. The court will not reopen the case after 30 days unless plaintiff makes a showing that they are entitled to relief under Federal

Rule of Civil Procedure 60(b).

Entered this 20th day of March, 2025.

BY THE COURT:

/s/
ANDREW R. WISEMAN
United States Magistrate Judge